No. 25-1623

---

# In the United States Court of Appeals For the Ninth Circuit

---

BENJAMIN ESPINOSA,

*Plaintiff-Appellee,*

v.

WILLIAM GITTERE, ET AL.,

*Defendants-Appellants.*

---

Appeal from the U.S. District Court for the District of Nevada
Case No. 3:21-cv-00205 (Hon. Anne R. Traum)

---

## PLAINTIFF-APPELLEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND TO MODIFY BRIEFING SCHEDULE

---

Samuel Weiss
RIGHTS BEHIND BARS
1800 M St. NW
Front 1, No. 33821
Washington, DC 20033
(202) 455-4399

Shelby Leighton
Jaqueline Aranda Osorno
PUBLIC JUSTICE
1620 L St. NW, Ste. 630
Washington, DC 20036
(202) 797-8600

Hannah M. Kieschnick
PUBLIC JUSTICE
475 14th St., Ste. 610
Oakland, CA 94612
(510) 622-8150

*Counsel for Plaintiff-Appellee*

## INTRODUCTION

This case arises from the failure of Nevada Department of Corrections staff to protect Plaintiff-Appellee Benjamin Espinosa from receiving food contaminated by feces and other toxic substances, and subsequent retaliation against Mr. Espinosa for complaining about the persistent poisoning of his food. The district court found that genuine disputes of material fact precluded a defense of qualified immunity on Mr. Espinosa's First and Eighth Amendment claims. Defendants filed an interlocutory appeal of the district court's order, but rather than raise any purely legal questions—the only type of question this Court has jurisdiction to review—they ask this Court to revisit the district court's determinations relating to the sufficiency and admissibility of evidence and to resolve factual disputes in their favor. Because the Court cannot reach any of the questions posed by Defendants in this appeal, it should be dismissed for lack of jurisdiction. In the event this Court denies this Motion, Mr. Espinosa requests that the Court modify the briefing schedule to allow him 30 days after the denial to file his Answering Brief.[1]

---

[1] On October 7, 2025, counsel for Mr. Espinosa emailed counsel for Defendants to confer as to their position on this motion. Counsel for Mr.

# BACKGROUND

## I. Factual Background

Starting in September 2019, while incarcerated and housed in protective custody at Ely State Prison, Mr. Espinosa and others in his unit received food that was contaminated with feces and "white flash," a caustic detergent that causes significant gastric symptoms. 4-ER-417 ¶ 17; 4-ER-418 ¶ 23; 2-ER-108; 2-ER-148 ¶ 4; 2-ER-151 ¶¶ 4-5. As a result of this contamination, those who ate the food experienced vomiting, "bubbling of guts," acid reflux, severe heartburn, and even numb tongue. 2-ER-148 ¶ 6; 2-ER-151 ¶ 6; 2-ER-107; 2-ER-145 ¶ 23; 4-ER-464-65 ¶¶ 32-34; 4-ER-419 ¶ 29; 3-ER-353; 4-ER-419. ¶ 29 n.4; 2-ER-163 ¶ 8. While some individuals were treated for a bacterial infection of the stomach, Mr. Espinosa's requests to be tested and treated went unheeded. 4-ER-420 ¶30-34. Instead, medical professionals told him it was "in [his] head." 3-ER-384; 3-ER-385.

Mr. Espinosa and others complained about the food contamination to Defendants, 4-ER-418 ¶ 24, who now claim their investigation revealed "no evidence of food tampering." Opening Br. at 7. But security footage

---

Espinosa followed up again on the morning of October 10, 2025. As of filing, counsel for Defendants has not responded.

revealed two incarcerated individuals tampering with the food. 4-ER-418 ¶ 22. Moreover, some individuals eventually admitted to Mr. Espinosa that they were poisoning the food. 4-ER-422 ¶ 53; 4-ER-422-34 ¶ 54. Defendants questioned the individuals on the security footage and took some mitigation efforts by swapping food carts and trays, but as Mr. Espinosa and others complained, those efforts were unsuccessful at preventing further contamination. 4-ER-418 ¶ 22; 4-ER-419 ¶¶ 26-28; 2-ER-140 ¶¶ 21-22; 2-ER-145 ¶¶ 17-23; 2-ER-153-54 ¶¶ 4-13; 2-ER-159-60 ¶¶ 13-15.

As a result, Mr. Espinosa and his cellmate were forced to start washing their food. 4-ER-421 ¶¶ 38; 2-ER-110; 2-ER-143 ¶6. In June 2020, they discovered a piece of metal wire in their food and immediately reported their disturbing find, first to the head of unit and eventually to the warden himself, Defendant Gittere. 4-ER-420-21 ¶¶ 38-39; 2-ER-143 ¶ 7; 2-ER-144 ¶¶ 8-9; 4-ER-421 ¶ 39; 4-ER-346; 2-ER-144 ¶ 8; 4-ER-421 ¶ 40. After the warden received Mr. Espinosa's grievance reporting and attaching the metal wire, he was forcibly removed from his cell and moved to the infirmary, where he didn't have access to programming or the canteen. 2-ER-144 ¶¶ 10-11; 1-ER-029; 4-ER-421 ¶ 41-42; 2-ER-167;

3

1-ER-036. After thirteen days, Mr. Espinosa was moved back to his cell, where he submitted another grievance for the retaliatory housing transfer. 4-ER-421 ¶ 44; 3-ER-359; 2-ER-168-69.

After nearly eight months of exhibiting symptoms of food poisoning and filing related grievances, Mr. Espinosa was *finally* tested for the bacterial infection. 3-ER-382, 384-85; 4-ER-420 ¶ 32-34. Unsurprisingly, the test came back positive, and he was finally placed on the necessary aggressive treatment protocol. 4-ER-420 ¶¶ 34-35; 3-ER-373.

## II.   Procedural History

In May 2021, Mr. Espinosa filed a complaint pro se in the U.S. District Court for the District of Nevada against Defendants. 4-ER-430-43. He later filed an amended complaint. 4-ER-414-28. As relevant here, his amended complaint alleges (1) a violation of the First Amendment against Defendant Gittere, on the basis that moving Mr. Espinosa to the infirmary constituted retaliation against him for submitting a grievance regarding the continued efforts to contaminate his food, 4-ER-424; and (2) an Eighth Amendment deliberate-indifference claim against all Defendants for failing to protect Mr. Espinosa from contaminated food, 4-ER-424-25.

Defendants moved for summary judgment, arguing that they were entitled to qualified immunity, 3-ER-273-74, and that no constitutional violations had occurred, 3-ER-275-83. Mr. Espinosa opposed the motion, offering evidence, including supporting declarations and copies of medical kites and grievances, and arguing that material factual disputes precluded summary judgment. *See, e.g.*, 2-ER-232-37.

The magistrate judge recommended granting Defendants' motion in full. 1-ER-028. The district court initially overruled Mr. Espinosa's objections, 2-ER-071-80, and adopted the magistrate's recommendations in full, 1-ER-027. Mr. Espinosa then filed a motion for reconsideration, arguing that the court erred in finding no genuine dispute of material fact as to the elements of his deliberate-indifference and retaliation claims, 2-ER-050-57. On reconsideration, the court agreed, vacating its prior orders and denying Defendants' motion for summary judgment. 1-ER-013. As to the Eighth Amendment claim, the court explained that its previous order "did not view disputed facts and draw reasonable inferences in [Mr. Espinosa's] favor." 1-ER-018. The court then found that "questions of fact exist about whether prison administrators knew of food contamination and failed to resolve it for several months." *Id.* In

5

support, the court cited the grievances that protective-custody individuals had submitted, *id.*, as well as evidence that Defendants knew their "protective measures were ineffective," including that Mr. Espinosa and others affirmed in sworn declarations that they "told Defendants that their other corrective measures did not work" and that "administrators did not investigate poisonings besides the feces poisoning in September 2019." 1-ER-019.

With respect to the retaliation claim, the court concluded that, contrary to its previous order, there were disputes of material fact as to whether Defendants' actions would have a "chilling effect" on Mr. Espinosa's free speech because, among other things, he was threatened with mace if he didn't comply with the extraction and lost various privileges while held in custody in the infirmary. 1-ER-020-21. The court also found that "Espinosa put forward facts to show a retaliatory motive," including the inadequate response to his repeated grievances about the food contamination problem. 1-ER-022. A few weeks later, the court entered an amended order, correcting the standard for a motion for reconsideration, adding a finding of clear error, and instructing the clerk

of court to reopen the case. 1-ER-002. "No other part of the Court's order" denying Defendants' motion for summary judgment was amended. *Id.*

Defendants noticed an appeal of the district court's order denying summary judgment and the amended order, "to the extent that [they] den[y] Defendants' motion for summary judgment asserting immunity from suit, including but not limited to qualified immunity[.]" 4-ER-490.

## ARGUMENT

This Court lacks jurisdiction over this appeal, and it should be dismissed. As both the Supreme Court and this Court have repeatedly made clear, courts of appeal have only sharply circumscribed appellate jurisdiction to hear interlocutory appeals of otherwise non-final denials of qualified immunity. *See Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014); *Foster v. City of Indio*, 908 F.3d 1204, 1209-10 (9th Cir. 2018). This Court has jurisdiction to hear such appeals only when they raise "purely legal . . . contention[s]" that undisputed conduct " 'did not violate the [Constitution] and, in any event, did not violate clearly established law.' " *Foster*, 908 F.3d at 1210 (quoting *Plumhoff*, 572 U.S. at 773). Accordingly, it lacks jurisdiction over an appeal that concerns "evidence sufficiency," or "which facts a party may or may not be able to prove at

trial." *Johnson v. Jones*, 515 U.S. 304, 313 (1995). In other words, Defendants cannot appeal "a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Id.* at 307. Party presentation controls the inquiry: Even if the underlying order answered appealable "abstract issue[s] of law," *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (citation modified), this Court evaluates its jurisdiction from the "nature of the defendant's argument on appeal." *Est. of Anderson v. Marsh*, 985 F.3d 726, 730 (9th Cir. 2021).

Defendants' arguments on appeal well exceed the scope of this Court's jurisdiction. Their arguments largely fall into one of two categories: (1) Mr. Espinosa's evidence fails to support a finding that he has met the elements of his claims, and (2) the district court erred in relying on evidence that—in Defendants' view—was inadmissible. In the present interlocutory posture, the Court cannot reach questions in either category. And to the extent Defendants argue that the district court erroneously found the law was clearly established, that is still not a legal question over which this Court has jurisdiction because their argument

depends on the Court resolving disputed facts in their favor. Accordingly, this appeal should be dismissed.

## I. This Court Does Not Have Jurisdiction Over Defendants' Arguments Concerning Evidentiary Sufficiency.

In arguing primarily that Mr. Espinosa "failed to establish" the elements of his claims or "failed to meet his burden," Opening Br. at 22-29, 38-46, Defendants ask this Court to review questions of "evidence sufficiency" over which it lacks jurisdiction. *Johnson*, 515 U.S. at 313; *see also Ames v. King Cnty.*, 846 F.3d 340, 347 (9th Cir. 2017) ("When the district court has determined the parties' evidence presents genuine issues of material fact, such determinations are not reviewable on interlocutory appeal."). Defendants spend the bulk of their Opening Brief arguing that the district court improperly weighed the evidence presented. On Mr. Espinosa's Eighth Amendment claim, Defendants argue that the district court erred by finding a genuine dispute of material fact because Mr. Espinosa failed to provide sufficient evidence demonstrating that (1) his food was being contaminated with either feces or detergent, Opening Br. at 23-25; (2) Defendants knew that his food was contaminated, *id.* at 27-29; (3) Defendants failed to sufficiently respond to the risk of contamination, *id.* at 30-32; and (4) the

contamination caused Mr. Espinosa's health problems, *id.* at 34-36. Defendants also argue that the district court gave insufficient deference to the Nevada Department of Corrections' own conclusions regarding the food tampering. *Id.* at 48-53. On the First Amendment claim, Defendants similarly argue that Mr. Espinosa failed to provide sufficient evidence demonstrating that (1) Defendant Gittere ordered him transferred to the infirmary, *id.* at 38-39; (2) the transfer was an adverse action because it had a chilling effect on his speech, *id.* at 41-42; and (3) there was a causal connection between the transfer and his protected activity, *id.* at 44-46.

These arguments about the sufficiency of the evidence are plainly not reviewable. *See Johnson*, 515 U.S. at 307. This Court has consistently declined to reach appeals raising questions concerning whether a fact is material, genuine, or supports a particular inference, which is what Defendants ask this Court to do here. In *Singh v. City of Phoenix*, 124 F.4th 746, 755 (9th Cir. 2024), for example, the defendant cross-appealed from a district court order concluding that there were disputes of material fact that prevented finding as a matter of law that the defendant's use of force was reasonable. This Court dismissed the cross-appeal, explaining that it "lack[s] jurisdiction to review a district court's

conclusion that genuine factual disputes exist." *Id.* (quoting *Sialoi v. City of San Diego*, 823 F.3d 1223, 1230 (9th Cir. 2016)). Here, too, the district court determined that there were genuine disputes of material fact that precluded finding as a matter of law that Defendants did not violate Mr. Espinosa's Eighth and First Amendment rights, and this Court lacks jurisdiction to review that conclusion as Defendants request. *See also, e.g.*, *Peck v. Montoya*, 51 F.4th 877, 886 (9th Cir. 2022) (refusing to exercise jurisdiction where defendants challenged the district court's determination that there was a genuine issue of fact as to whether the plaintiff "was moving toward the gun when the [defendants] fired at him"); *Conaser v. N. Las Vegas Police Dep't*, 445 F. App'x 932, 933 (9th Cir. 2011) (concluding Court did not have jurisdiction over defendants' arguments that "the district court erred because the evidence cannot support" the inferences made by the court); *Brizuela v. City of Sparks*, No. 22-16357, 2023 WL 5348815, at *1 (9th Cir. Aug. 21, 2023) (declining jurisdiction over defendants' assertion that "there [was] no evidence to dispute the Officers' testimony and corroborative evidence").

In short, in "an interlocutory appeal, [this Court is] not free to revisit the district court's conclusions as to 'which facts a party may, or

may not, be able to prove at trial.' " *Nicholson v. City of Los Angeles*, 935 F.3d 685, 693 (9th Cir. 2019) (quoting *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). Defendants' desire "to appeal [the] district court's determination that the evidence is sufficient to permit a particular finding of fact after trial," *Johnson*, 515 U.S. at 314, does not remedy this Court's lack of jurisdiction to review those determinations.

## II.     The Admissibility of Mr. Espinosa's Evidence Is Not Within the Scope of Interlocutory Review.

In addition to arguing that Mr. Espinosa's evidence was not sufficient, Defendants argue that the district court improperly relied on inadmissible evidence in concluding that there were genuine disputes of material fact that precluded summary judgment. Opening Br. at 22-26; 33-34, 38-39. In particular, they accuse the district court of "wrongly" relying on Espinosa's "allegations" about being exposed to contaminated food because those allegations are "inadmissible" for lack of "personal knowledge." *Id.* at 22-26. But this Court has routinely held that it "lack[s] jurisdiction" over interlocutory appeals raising questions concerning the admissibility of evidence because an argument that the plaintiff "failed to present sufficient *admissible* evidence to prove certain elements" is itself an inherently "factual argument[]." *See Gomez v. Cnty. of Los*

*Angeles*, 314 F. App'x 928, 930 (9th Cir. 2009) (emphasis added); *see also, e.g.*, *Sneed v. Chase*, 266 F. App'x 545, 545–46 (9th Cir. 2008) (stating that an appeal "argu[ing] that [the plaintiff] failed to introduce sufficient admissible evidence to create . . . triable issues" did not raise any justiciable "question[s] of law"); *Munoz v. Curtis*, 47 F. App'x 501, 502 (9th Cir. 2002) (declining to reach appellant's argument that the appellee "failed to produce authenticated, admissible evidence to support his assertions" because jurisdiction is "limited to questions of law and does not extend to . . . questions about evidentiary sufficiency at summary judgment").

Defendants claim this Court can exercise jurisdiction over that evidence-related question because the Supreme Court in *Plumhoff* "rejected the argument that an appellate court lacks jurisdiction to exclude immaterial or improperly admitted evidence when reviewing issues." *Id.* at 3 (citing *Plumhoff*, 572 U.S. 765, 772-73 (2014)). It did no such thing. *Plumhoff* did not even mention the admissibility of evidence, let alone overrule this Court's precedent holding that courts of appeals do not have jurisdiction over an interlocutory appeal concerning the admissibility of evidence. 572 U.S. at 772-73. To the contrary, it

examined the purely legal question whether, *based on the undisputed facts*, the defendants violated the Fourth Amendment. *Id.* at 774-78. Nor is that how *this Court* has interpreted *Plumhoff*. In *Voskanyan v. Upchurch*, No. 21-55333, 2022 WL 4181664 (9th Cir. Sept. 13, 2022), for example, this Court held, after *Plumhoff*, that it did not have jurisdiction over an appeal from a denial of qualified immunity where the defendant's argument depended on "the district court's exclusion of prison medical records and an expert report." *Id.* at *2.

This Court's holding in *Voskanyan* is in accord with the approach of other circuits, which have similarly held, after *Plumhoff*, that "evidentiary objections are beyond the scope of [] interlocutory jurisdiction." *Ellis v. Salt Lake City Corp.*, 147 F.4th 1206, 1223 (10th Cir. 2025); *see Locke v. Haessig*, 788 F.3d 662, 672 n.4 (7th Cir. 2015) (holding that "[t]he admissibility" a "statement" on which the district court relied in denying qualified immunity was "not within the limited scope of our appellate jurisdiction on this interlocutory appeal"); *see also Bridges v. Morgan*, No. 21-12425, 2022 WL 342905, at *3 (11th Cir. Feb. 4, 2022) (per curiam) (holding that admissibility argument "is not one we

14

have interlocutory jurisdiction to review since it merely concerns 'the facts a party may, or may not, be able to prove at trial'").

"[B]oiled down," Defendants' arguments concerning admissibility ask this Court to conclude "that the evidence is insufficient to raise an issue of material fact." *Voskanyan*, 2022 WL 4181664, at \*5 (Christen, J., concurring). And when defendants argue *that*, this Court "lack[s] jurisdiction." *Id.*

## III. Defendants' Presentation of the Clearly Established Question Deprives This Court of Jurisdiction Over It.

Again relying on *Plumhoff*, Defendants attempt to frame their argument that Mr. Espinosa did not establish a violation of a clearly established right as a legal question over which this Court can exercise jurisdiction. Opening Br. at 3-4. But, as Defendants acknowledge, jurisdiction over the "clearly established" question is appropriate only if it can be resolved "assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor." *Id.* at 4 (quoting *Carley v. Aranas*, 103 F.4th 653, 658-59 (9th Cir. 2024)). Defendants resist that requirement: Their presentation of the question requires this Court to rule on the admissibility of Plaintiff's evidence and resolve factual disputes in *Defendants'* favor. *See id.* at 47. Because they "have

not advanced an argument as to why the law is not clearly established that takes the facts in the light most favorable to [the plaintiff]," this Court lacks jurisdiction. *George,* 736 F.3d at 836; *see also Singh*, 124 F.4th at 756 (dismissing appeal where defendant did "not argue that there was no Fourth Amendment violation even if all disputed facts are construed in Plaintiff's favor"); *Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997) (stating the Court has jurisdiction "over an interlocutory appeal from the denial of qualified immunity where the appeal focuses on whether the defendants violated a clearly established law *given the undisputed facts*." (emphasis added)).

On Mr. Espinosa's Eighth Amendment claim, for example, Defendants ask this Court to answer whether it was clearly established that "a defendant violates the Eighth Amendment based on a failure to protect from food contamination" *qualified* by its construction of the facts that Espinosa hasn't offered "objective, admissible evidence of contamination," "no defendant could possibly know that the prison food was contaminated," and the "prison nevertheless instituted precautionary measures to prevent food contamination." Opening Br. at 47. The premises embedded in Defendants' presentation of the question

16

directly contradict findings made by the district court. *See, e.g.*, 1-ER-040 (finding Mr. Espinosa was exposed to contaminated food); 1-ER-017; 1-ER-019 (finding dispute of material fact concerning whether Defendants knew they had been ineffective in preventing poisonings); 1-ER-018 (finding that "[m]any" protective-custody individuals grieved or told Defendants that the general-population kitchen staff "were tampering with protective custody inmates' food"). The only way for this Court to answer the question presented by Defendants is to first resolve disputed material facts in Defendants' favor and exclude evidence on which the district court relied. And that exercise is squarely outside of this Court's jurisdiction. *See* section I & II, *supra*.

The same is true of Defendants' argument that the district court erred in concluding Mr. Espinosa's First Amendment right at issue was clearly established. Defendants ask this Court to address whether it was clearly established that "a defendant violates the First Amendment by transferring an offender to infirmary after reporting he was extremely sick," again qualified by its construction of the facts, namely that "the admissible evidence establishes that the defendant had no involvement in the transfer decision." Opening Br. at 47. As with Mr. Espinosa's

17

Eighth Amendment claim, this Court cannot answer Defendants' question without explicitly resolving disputed facts or reversing factual findings made by the district court. The court found that Defendant Gittere's office received the kite sent by Mr. Espinosa, 1-ER-005; the close temporal proximity between the protected activity (Defendant Warden's receipt of the kite with the piece of metal) and the retaliatory act (Mr. Espinosa being forcibly sent to the infirmary that same day) was "sufficient to show a causal connection," 1-ER-036; 1-ER-020; and Mr. Espinosa "put forth facts that show a retaliatory motive," 1-ER-022, 1-ER-011, among other things.

Where the "the defendants fail to pose [] the qualified immunity question in a manner that would permit [the Court] to conclude that the answer to it does not depend upon whose account of the facts is correct," this Court "lack[s] the authority to provide an answer." *Cady v. Walsh*, 753 F.3d 348, 361 (1st Cir. 2014) (internal quotation marks omitted). That's exactly what Defendants have done here. Thus, this Court should decline to "do an appellant's work for it" by "manufacturing legal arguments" where Defendants made none and dismiss the appeal. *George*, 736 F.3d at 837 (internal quotation marks omitted).

## CONCLUSION

Because this Court lacks jurisdiction over this appeal, it should be dismissed. In the event this Court denies this motion, Mr. Espinosa requests that the Court allow him 30 days after the denial to file his Answering Brief.

Dated:     October 10, 2025          Respectfully submitted,

/s/ *Shelby Leighton*
Shelby Leighton
Jaqueline Aranda Osorno
PUBLIC JUSTICE
1620 L St. NW, Ste. 630
Washington, DC 20036
(202) 470-1061
sleighton@publicjustice.net
jaosorno@publicjustice.net

Hannah M. Kieschnick
PUBLIC JUSTICE
475 14th St., Ste. 610
Oakland, CA 94612
(510) 622-8150
hkieschnick@publicjustice.net

Samuel Weiss
RIGHTS BEHIND BARS
1800 M St. NW
Front 1, No. 33821
Washington, DC 20033
(202) 455-4399

*Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Circuit Rule 32-1(1)(d) because, excluding the parts exempted by Fed. R. App. P. 32(f), this Motion is 3,596 words and less than 20 pages. This document complies with the typeface and type-style requirements of Fed. Rs. App. P. 32(a)(5) and 32(a)(6) because it has been prepared using a 14-point proportionally spaced font that uses serifs, and it is set in a plain, roman style, excepting italics occasionally used for emphasis.

Dated: October 10, 2025

/s/ *Shelby Leighton*
Shelby Leighton

*Counsel for Plaintiff-Appellee*